# No. 12-338

IN THE UNITED STATES COURT OF APPEALS
FOR THE
SECOND CIRCUIT

**PREDRAG CICVARA,**

    **Plaintiff-Appellant,**

    **v.**

**PROCTER & GAMBLE CO., DURACELL, LYNNE BURNETT,**

    **Defendants,**

    **and**

**GILLETTE CO., PROCTER & GAMBLE CO., INC.**

    **Defendants-Appellees**

**GILLETTE'S RESPONSE IN OPPOSITION TO APPELLANT'S "RENEWED" MOTION TO EXTEND TIME TO FILE BRIEF AND JOINT APPENDIX**

Defendant-Appellee Gillette Co. ("Gillette"), by and through its attorneys, hereby files this Response In Opposition to the "renewed" motion filed by Plaintiff-Appellant Predrag Cicvara ("appellant") to extend time to file his opening brief and joint appendix. Appellant's "renewed" motion flaunts the deadlines mandated by the Federal Rules of Appellate Procedure, this Court's Local Rules,

and even this Court's several orders in which it has addressed appellant's inability to file his opening papers in a proper and timely fashion.[1] For the entire pendency of this appeal, appellant has benefited from his unwillingness to file documents with this Court that comply with the Federal and Local Rules; indeed, by filing multiple deficient motions for extensions of time, appellant already has received an extension of 59 days beyond the filing deadline that he himself had originally requested. Moreover, appellant filed his "renewed" motion a week after the Court admonished him that it would grant no further extensions to his filing date. (Dkt. #40.) Thus, appellant's behavior is so egregious that this Court should deny his "renewed" motion under Local Rule 27.1(f)(1).

In support of its Response, Gillette states the following:

1. On January 19, 2012, appellant filed his Notice of Appeal from the U.S. District Court for the District of Connecticut's grant of summary judgment on his several claims against Gillette, which stemmed from Gillette's warranted termination of his employment after the company had determined that he had made unwanted sexual advances toward a female employee of the company's supplier of

---

1. The parties agreed that they would file a joint appendix in this case. (Decl. of Richard B. Lapp In Supp. Gillette's Resp. In Opp'n To Pl.'s "Renewed" Mot. To Extend Time To File Brief & J.A. (the "Lapp Decl."), ¶¶ 2-3 & Exs. 1 & 2 thereto (filed concurrently herewith).) Nevertheless, the Federal Rules of Appellate Procedure state that appellant shoulders the responsibility to file the joint appendix in a timely fashion. Fed. R. App. P. 30(a)(1) (stating that "appellant must prepare and file an appendix").

flashlights. (Dkt. #1; *see also Cicvara v. The Gillette Co. et al.*, No. 09-cv-2054 (JCH) (D. Conn.), Dkt. #97, at 8-12.) Shortly thereafter, appellant filed a scheduling notification per Local Rule 31.2, requesting "that the date for Appellant's brief be set at May 1st, 2012." (Dkt. #10.) By order dated January 31, 2012, the Court granted appellant's request and instructed him to file his opening papers by May 1. (Dkt. #22.)

2. Instead of filing his brief by May 1, appellant filed a motion to extend time. (Dkt. #28.) This Court refused to consider the motion, however, because it did not comply with the Federal and Local Rules. (Dkt. #29.) Instead, the Court allowed appellant until May 3, 2012, to cure the motion's numerous defects. (*Id.*) Appellant thus filed a new version of his motion (Dkt. #32), but that document, too, did not comply with the Federal and Local Rules (Dkt. #33). The Court, therefore, provided appellant a second chance to cure the defects, and ordered him to file the corrected document by May 11, 2012. (*Id.*) Then, on his *third* attempt, appellant filed on May 20, 2012, a motion that complied with the Federal and Local Rules. (Dkt. #35.) The Court took that proper filing under advisement.

3. Approximately one month later — on June 22, 2012 — this Court granted appellant's motion for an extension of time, stating that he had up to and including June 29, 2012, to file his opening brief and joint appendix (the "June 22 Order" or the "Order"). (Dkt. #40.) In its Order, though, this Court warned

appellant that it would grant him "no further extensions" beyond the June 29 deadline. (*Id.*)

4. Gillette promptly acted to ensure that the Court's June 29 deadline was met. Within days of the June 22 Order, and in accordance with the parties' previous agreements, Gillette provided appellant with the documents that were to be included in the parties' joint appendix. (Lapp Decl., ¶ 4 & Ex. 3 thereto.) At no time did appellant notify counsel for Gillette that the company had failed to abide by the parties' agreements, or that Gillette otherwise caused any delay in the filing of the opening brief or joint appendix. (*Id.* ¶ 5.)

5. Appellant did not file either his opening brief or joint appendix by the Court's June 29 deadline. Instead, he filed what he called a "renewed" motion and affidavit to extend time to file his opening papers. (Dkt. #42.) In this so-called "renewed" motion, appellant stated — somewhat confusingly — that he was "fully aware that the present motion was marked as 'final.'" (*Id.* ¶ 2.) But, appellant continued, the "renewed" motion was necessary because, in its June 22 Order, the Court did not grant him the exact relief that he had requested when setting the June 29 filing deadline:

> The original motion for an extension of time to perfect the appeal requested an extension concerning the Brief for two weeks after the ruling of the motion and four (4) weeks for the filing of the Appendix.

- 4 -

> The Court's ruling on this motion was received three days before the expiration of time [on June 29, 2012].

(*Id.* ¶¶ 3-4.) Thus, appellant argued, it was "<u>totally impossible</u> to meet the renewed scheduling order," even though, as he noted, Gillette had properly and timely provided the documents to be included in the parties' joint appendix. (*Id.* ¶¶ 5-6) (emphasis in original).

6. Then, on July 3, 2012, this Court determined that appellant's "renewed" motion was itself defective — the *third* time that appellant has filed a document with the Court that violates the Federal or Local Rules. (Dkt. #43.)

7. Throughout this appeal, appellant has completely disregarded the Federal Rules, this Court's Local Rules, and this Court's orders. Appellant's egregious inability to satisfy even the most elementary rules that govern appeals counsels that this Court should deny his "renewed" motion.

8. Three reasons justify the Court's denial of the appellant's "renewed" motion. *First*, in its June 22 Order, the Court clearly warned appellant that it would provide him with "no further extensions" to file his opening brief and joint appendix. (Dkt. #40.) Appellant's "renewed" motion should be denied on this basis alone. *Second*, appellant's justification for his filing of the "renewed" motion despite the Court's admonishment — that, in its June 22 Order, the Court did not grant him the exact relief that he had sought — is no justification at all. This

Court's Local Rules clearly state that a motion for an extension time to file a brief will be granted only in "extraordinary circumstance[s]":

> Absent an extraordinary circumstance, such as serious personal illness or death in counsel's immediate family, the court will not grant a motion to extend the time to file a brief.

2d Cir. R. 27.1(f)(1). Appellant's "renewed" motion identifies no such circumstances; the motion merely states that it was "<u>totally impossible</u> to meet the renewed scheduling order" because the relief provided in the June 22 Order was not the exact relief that appellant had requested. (Dkt. #42, ¶¶ 3-4, 6) (emphasis in original). Appellant's deficient justification further supports the denial of appellant's motion. *Finally*, and in any event, appellant's so-called "justification" for the extension is entirely unsupported by the record. In accordance with the June 22 Order, Gillette timely provided appellant with the documents to be included in the parties' joint appendix, and therefore could not have contributed to any delay in appellant's filing. (Lapp Decl., ¶ 4 & Ex. 3 thereto.) Moreover, appellant has had since January 19, 2012 — 162 days from the date on which he filed his Notice of Appeal to the June 29 filing deadline — to complete his opening brief. Throughout that time, appellant has repeatedly sought extra time to file. But because the Court deemed the majority of those requests to be defective, and further granted him the benefit of allowing him to cure his improper filings, appellant actually has received a windfall in the form of an additional 59 days from

the original May 1 deadline to filing his opening papers. (Dkt. ##10 & 22.) For appellant to now say that it was "totally impossible" to meet the June 29 filing deadline, *when actually he had two additional months from the original filing deadline to do so*, completely ignores this Court's warning as to how motions for extensions of time affect filing deadlines: "A deadline for a brief remains in effect unless the court orders otherwise." 2d Cir. R. 27.1(f)(1). Appellant's "renewed" motion should be denied.[2]

   **WHEREFORE**, Gillette respectfully requests this Court deny appellant's "renewed" motion to extend time to file his opening brief and joint appendix.

**DATED: July 5, 2012**　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　GILLETTE CO.

　　　　　　　　　　　　　　　　　　　By:  /s/ Richard B. Lapp
　　　　　　　　　　　　　　　　　　　　　　One of Its Attorneys

Camille A. Olson (colson@seyfarth.com)
Richard B. Lapp (rlapp@seyfarth.com)
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603

---

[2] If this Court were to deny appellant's "renewed" motion — and it *should* deny the "renewed" motion — appellant will have failed to meet this Court's June 29 filing deadline. Consequently, grounds would exist for this Court to dismiss this appeal in its entirety. *See* Fed. R. App. P. 31(c) (explaining that an appeal may be dismissed "[i]f an appellant fails to file a brief within the time provided by this rule, or within an extended time").

(312) 460-5000
(312) 460-7000 (fax)

- 8 -