# 12-338-cv

## United States Court of Appeals

### for the

### Second Circuit

PREDRAG CICVARA,

*Plaintiff-Appellant,*

– v. –

PROCTOR & GAMBLE CO., DURACELL,
LYNNE BURNETT,

*Defendants,*

– and –

GILLETTE CO., PROCTOR & GAMBLE CO., INC.,

*Defendants-Appellees.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

## SPECIAL APPENDIX

SEYFARTH SHAW LLP
One Century Plaza, Suite 3500
2092 Century Park East
Los Angeles, California 90067
(312) 460-5831

    – and –

131 South Dearborn Street, Suite 2400
Chicago, Illinois 6063
(312) 460-5914

*Attorneys for Defendants-Appellees*

LAW OFFICE OF IGOR I. SIKORSKY, JR.
*Attorneys for Plaintiff-Appellant*
P.O. Box 38, 121 Perry Street
Uniondale, Connecticut 06085
(860) 675-5313

i

# Table of Contents

**Page**

Ruling re: Defendant's Motion for Summary Judgment
(Doc. No. 74) and Plaintiff's Cross-Motion for Summary
Judgment (Doc. No. 85), Entered November 11, 2011 ........... SPA-1

Judgment of the Hon. Janet C. Hall, Entered
November 30, 2011, Appealed From ............................... SPA-14

Notice of Appeal, Dated January 19, 2012 .......................... SPA-15

**SPA-1**

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PREDRAG CICVARA, | : | CIVIL CASE NO. |
| Plaintiff, | : | 3:09-cv-2054 (JCH) |
| | : | |
| v. | : | |
| | : | |
| THE GILLETTE COMPANY, et al., | : | NOVEMBER 22, 2011 |
| Defendants. | : | |

### RULING RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 74) & PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT (DOC. NO. 85)

## I.   INTRODUCTION

This case arises from the termination of the employment of the plaintiff, Predrag Cicvara, as a Quality Assurance Manager for The Gillette Company, a subsidiary of The Proctor and Gamble Company (together, "Gillette").  In his Amended Complaint, Cicvara asserts breach of contract and unjust enrichment claims with regard to stock options, severance pay, and an annual bonus, as well as a statutory claim for unpaid wages under Connecticut General Statutes § 31-72.

On April 15, 2011, Gillette filed a Motion for Summary Judgment.  Doc. No. 74. In response, Cicvara withdrew six of his claims, leaving only the breach of contract claim as to his stock options.  Cicvara also filed a Cross Motion for Summary Judgment on the stock options claim.  Doc. No. 85.  For the following reasons, the court grants the defendants' Motion for Summary Judgment and denies the plaintiff's Motion.

1

**SPA-2**

## II.    FACTS[1]

Cicvara began his employment with Gillette on or about November 1, 2000.

Defendant's Local Rule 56(a)(1) Statement (hereinafter "Def.'s 56(a)(1) St."), ¶ 11.

From approximately June 1, 2008, until his termination on June 15, 2009, Cicvara held

the position of Quality Assurance Manager ("QA Manager") for Gillette's Duracell

division.  Id. ¶ 12.  As a QA Manager, Cicvara was required to interact with Gillette's

suppliers on all quality-related issues and to participate in audits of the suppliers'

factories.  Id. ¶ 15.  His job description explicitly included the following responsibility:

"Provide professional representation of Duracell/P&G per the P&G Worldwide Business

Conduct Manual.  This is vitally important in dealing with Contractors and Suppliers in

that plans, decisions, and commitments could have significant impact from a financial

and/or confidentiality perspective."  Id. ¶ 14; Cicvara Dep. Ex. 4.

### A.  Plaintiff's Conduct in Thailand

In June 2009, Cicvara traveled to Indonesia, Thailand, and China to audit four

factories owned by Practical Lighting ("Practical"), one of Gillette's flashlight suppliers.

Def.'s 56(a)(1) St., ¶¶ 22, 16.  Prior to the audits, the relationship between Practical and

Gillette had become "strained" when Practical learned that Gillette had contracted with a

competitor to produce certain models of its "Daylite" flashlight.  Id. ¶ 19.  In response,

Gillette contracted with Practical to produce Daylite models utilizing type "C" and "D" cell

Duracell batteries.  Id. ¶ 19.

---

[1] In his response to Gillette's Statement of Undisputed Material Facts, the plaintiff frequently fails to comply with the requirements of Local Rule 56(a)(2).  Where Gillette's asserted fact is supported by evidence in the record and Cicvara has either (1) failed to provide specific citations to support his denial of the fact, or (2) merely added commentary that does not deny the existence of the fact, the court will deem the fact to be admitted.  L.R. 56(a)(3) ("[F]ailure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming certain facts that are supported by the evidence admitted.")

**SPA-3**

Practical's Chairman, Andrew Yau, and its general manager, Bel Liu, traveled from Practical's headquarters in Hong Kong to meet with Cicvara and Gillette's auditors at the factories. Id. ¶¶ 20-22. Liu was one of Gillette's primary contacts at Practical, and Cicvara and she had met on two prior occasions. Id. ¶¶ 20-21.

On June 8, 2009, while in Thailand, Cicvara had dinner with Yau, Liu, and another Practical employee. Id. ¶ 26. Liu left dinner early, because she was not feeling well. Id. After dinner, Cicvara sent Liu a text message and asked if he could bring dessert to her hotel room. Id. ¶ 27. Liu initially said no, but, in a subsequent text message, she consented to a visit. Cicvara Dep. at 69, lines 21-25. At some point after he entered Liu's hotel room, Cicvara removed his shorts and sat on her bed in his underwear. Id. at 136-38. He proceeded to massage her feet and back. Liu, who had not requested a massage, asked him to stop. Id. at 71-72, 126. At some point before leaving the hotel room, Cicvara said to Liu, "[W]hen you do that with your legs one could rape you." Id. at 86, lines 22-25.

The following day, June 9, Liu spoke with Austin Lin, a Gillette employee with whom she had worked previously. Def.'s 56(a)(1) St., ¶¶ 36, 24. Liu told Lin of Cicvara's behavior the night before. Lin encouraged her to report the incident to Andrew Yau, Practical's Chairman. Id. ¶ 36.

Also on June 9, Cicvara sent Liu the following text message: "I hope you will bew [sic] better soon. Feel terrible that can't be with you and pamper you." Id. ¶ 32. Liu responded, "Thx P. I'm fine but I have to re-emphasize that we are not either couples or lovers. Pls stop thinking about me." Id. Cicvara replied, "Right. No need to emphasize the obvious. Thx for the good time though. P." Id.

3

On either June 9 or 10, Liu left a Hard Rock Café shirt—which Cicvara had

purchased for her earlier—outside his hotel room door. Compare Def.'s 56(a)(1) St., ¶

31, with Pl.'s 56(a)(2) St. at 13. Upon discovering it, Cicvara went to Liu's room to ask

why she had returned the gift. Def.'s 56(a)(1) St., ¶ 51. At this point, Liu called Andrew

Lin, a Gillette employee with whom she had worked previously. Id. Part of the ensuing

conversation between Liu and Cicvara was recorded on Lin's voicemail. Id.

On June 10, Cicvara texted: "Just wanted to tell you that I am still in a shock and

disgusted by myself and my poor judgment of things that were going btw us. Forgive

me if you can. P." Cicvara Dep. at 105, lines 4-14. On a flight from Thailand to China

later the same day, Cicvara wrote Liu an email that included the following passage:

> I would love nothing more than to take back few emotional outbreaks that I
> experinced [sic] last few days. Had I known that I would have risked losing
> such a precious thing as our friendship, I wouldn't have ever attempted
> what I so foolishly did misjudging the nature of our closeness in the last
> few days.
>
> Maybe the cultural differences that you so graciously tried to point out in
> one of our conversations did ironically played the part in what transpired
> lately. I believe if you had taken a strong stance against my foolish
> attempts to get more out of our relation stopping it from the very
> beginning, I would have stopped then and would have still be in that
> special relation with you that meant so much to me. By being so polite
> and trying not to hurt my feelings, you have unconciously [sic] encouraged
> my (macho? possessive? animouse? [sic] stupid?) efforts to get more than
> you were ready to give.

Def.'s 56(a)(1) St., ¶ 34. Liu responded, "I'm sorry because I don't love you but I

know you love me so. I appreciated you in the past because were just friend.

What I cannot accept is what you did in the last few days. Without those dirty

things we can be friends." Id. ¶ 35. Cicvara replied, "I can promise that never

again I will be a 'dirty man' with you." Id.

4

### B.    Gillette's Response

At some point after speaking to Liu on June 9, Austin Lin told Dina Schumde, Gillette's Human Resource Manager in Bethel, Connecticut, about the incident in Liu's hotel room.  Def.'s 56(a)(1) St., ¶ 36.  Schmude, in turn, reported the incident to Lynn Burnett, Gillette's Global Human Resources Director.  Id. ¶ 37.

On June 11, Schmude and Senior Human Resources Manager, Peggy Wilczewski, discussed the incident with Liu by phone.  Id. ¶ 38.  The following day, Liu forwarded copies of some of the text message and e-mails Cicvara and she had exchanged during the trip.  Id. ¶ 40.  She also reviewed and edited Wilczewski's notes of their phone interview for accuracy.  Id.

On June 14, Andrew Yau, Practical's Chairman, emailed Nitesh Singh, Gillette's Senior Purchasing Manager, to let him know that Cicvara had made "inappropriate sexual advances toward [Liu]" and that Cicvara was no longer welcome at Practical.  Id. ¶ 42; Cicvara Dep. Ex. 12.

On June 15, Burnett, Wilczewski, and Cicvara's supervisor, Kevin Babis, met with Cicvara to discuss Liu's allegations.  Id. ¶ 44.  At the meeting, Cicvara admitted that he had gone to Liu's hotel room on June 8 and that, while there, he had touched her.  Id. ¶ 45.  He also admitted that he made the comment, "When you do such things with your leg, one could rape you."  Id.; Pl.'s 56(a)(2) at 23.

At the end of the meeting, Burnett, Babis, and Wilczewski left the room to confer privately.  Id. ¶ 48.  After unanimously deciding that Cicvara's misconduct warranted termination, they informed Cicvara that he was being discharged from his position at Gillette.  Id.

C.    Forfeiture of Plaintiff's Stock Options

Over the course of his employment at Gillette, Cicvara was awarded several thousand stock options pursuant to the Gillette 1971 Stock Option Plan ("the Plan"). Section 6(f) of the Plan provides: [I]f an employee Participant is discharged for Cause, as hereinafter defined, all his options shall immediately be cancelled effective as of the date of termination of his employment.  Cicvara Dep. Ex. 15 at 8. The Plan further states that "a discharge for 'Cause' shall have occurred where a Participant is terminated because of . . . (B) the Participant's engaging in illegal conduct or gross misconduct which is materially and demonstrably injurious to the Company or the subsidiary." Id. at 8-9.

The Plan is administered by a Compensation Committee, which is granted express authority to "decide all questions and settle all controversies and disputes which may arise in connection with the Plan." Id. at 2.  The Plan further provides that "[a]ll decisions, determinations and interpretations of the Committee shall be binding on all parties concerned." Id. at 2.

Finally, the Plan states that it, and each option issued under it, "shall be governed by and construed in accordance with the laws of the State of Ohio." Id. at 16.

Cicvara attempted to exercise his stock options on July 2, 3009.  Def.'s 56(a)(1) St., ¶ 61. Gillette rejected the attempt, maintaining that, because Cicvara had been terminated for cause, his stock options were automatically forfeited pursuant to Section 6(f) of the Plan.  Id.

6

## III.   SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000). Once the moving party has met its burden, in order to defeat the motion, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

In assessing the record to address questions of fact, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. Anderson, 477 U.S. at 255; Graham, 230 F.3d at 38. Summary judgment "is properly granted only when no rational finder of fact could find in favor of the non-moving party." Carlton v. Mystic Transp., Inc., 202 F.3d 129, 134 (2d Cir. 2000). "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised, on the basis of the evidence presented, the question must be left to the finder of fact. Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

## IV.   DISCUSSION

### A.   Applicable Law

The Plan provides that it and each option issued under it "shall be governed by and construed in accordance with the laws of the State of Ohio." Cicvara Dep. Ex. 15 at 16. Under Connecticut law, a choice-of-law clause will typically be given effect,

7

provided the choice was made in good faith. Messler v. Barnes Group, Inc., 1999 WL 61034, at *3 (Conn. Super. Feb. 1, 1999).  Here, neither party disputes the validity of the Plan's choice of Ohio law.  Accordingly, the court looks to Ohio law to evaluate Cicvara's breach of contract claim regarding the termination of his stock options.

      B.    Scope of Review

To prevail on his breach of contract claim, Cicvara must establish the existence of a contract, performance by him, a breach by Gillette, and damage or loss to him. See, e.g., Doner v. Snapp, 649 N.E.2d 42, 44 (Ohio Ct. App. 1994).  Gillette does not dispute that the Plan constituted a contract, but it argues that Civara cannot establish that he performed and that Gillette breached its duties under the Plan.  Def.'s Mem. in Supp. at 10.

As discussed earlier, the Plan provides that, if an employee is fired for "Cause," his stock options shall "immediately be cancelled." Cicvara Dep. Ex. 15 at 8.  Further, it defines "Cause" to include "gross misconduct which is materially and demonstrably injurious to the Company or the subsidiary." Id. at 8–9.  Cicvara argues that the determination of whether he performed and Gillette breached is dependent on a determination of whether his behavior in Thailand can fairly be considered "gross misconduct which is materially and demonstrably injurious to the company or the subsidiary."  While acknowledging that his behavior "could be deemed inappropriate," Cicvara contends that the question of whether it rose to the level of "gross misconduct" is a disputed issue of fact that must be decided by the jury. Pl.'s Mem. in Opp. at 6.

Gillette, on the other hand, argues that "an employer's decision to terminate an employee's non-ERISA benefits, such as stock options, should be set aside only if the

employer's decision was arbitrary and capricious."  Def.'s Mem. in Supp. at 13.  Under

this standard of review, the court need not make an independent determination of

whether Cicvara's behavior was, in fact, gross misconduct.   Instead, it simply needs to

decide whether Gillette had "a reasonable basis" for its own determination.  Id.

The court's survey of Ohio law reveals no decisions that specifically address the

extent to which a court should review a company's decision to terminate an employee's

stock options.  As such, the court must "carefully predict how [Ohio's] highest court

would resolve [the issue]."  Travelers Ins. Co. v. Carpenter, 411 F.3d 323, 329 (2d Cir.

2005) (internal quotation marks and citations omitted).  In doing so, the court should

"give the fullest weight to pronouncements of the state's highest court . . . while giving

proper regard to relevant rulings of the state's lower courts."  Maska U.S., Inc. v. Kansa

Gen. Ins. Co., 198 F.3d 74, 78 (2d Cir. 1999).  Finally, it "may also consider decisions in

other jurisdictions on the same or analogous issues."  Id.; see also Santalucia v.

Sebright Transp., Inc., 232 F.3d 293, 299 (2d Cir. 2000) (finding that the New York

Court of Appeals would likely "follow the majority of states" on an issue);  Vigortone AG

Prods., Inc. v. PM AG Prods. Inc., 316 F.3d 641, 644 (7th Cir. 2002) ("[T]he best guess

is that the state's highest court, should it ever be presented with the issues, will line up

with the majority of the states.")

Several courts outside of Ohio have held that, where a stock option plan

expressly grants an employer discretion to interpret its terms, the employer's decision to

cancel an employee's options is subject only to arbitrary-and-capricious review.  See,

e.g., Noonan v. Staples, Inc., 556 F.3d 20, 33 (1st Cir. 2009) (surveying decisions in

other states and predicting that the Massachusetts Supreme Court would overturn an

employer's determination that an employee engaged in "willful misconduct" only if that decision was "arbitrary, capricious, or made in bad faith"); Weir v. Anaconda Co., 773 F.2d 1073, 1078 (10th Cir. 1985) (under Kansas law, "the plan committee's decision [to terminate stock options] must be upheld if it was properly within the committee's discretion and not arbitrary, in bad faith, or fraudulent"); Welland v. Citigroup, 2003 WL 22973574, at *11 (S.D.N.Y. 2003) ("Under New York law, an employer's decision regarding non-ERISA benefits may be set aside only where it was made in bad faith was arbitrary or was the result of fraud."); W.R. Berkley Corp. v. Hall, 2005 WL 406348, at *4 (Del. Super. Feb. 16, 2005) ("[W]hen a stock option committee is vested with final, binding, and conclusive authority to determine a participant's right to receive or retain benefits, that decision made in accordance with the provisions of the agreement will not be second guessed by the Court absent a showing of fraud or bad faith."); McIntyre v. Phila. Suburban Corp., 90 F. Supp.2d 596, 600 (E.D. Pa. 2000) (holding that a compensation committee's decisions regarding administration of a stock option plan should be afforded significant deference).

Furthermore, while Ohio courts have not addressed the standard of review for termination of employee stock options, they have approved limited review in the context of other employment benefit disputes. See, e.g., Rehor v. Ohio Case Western Reserve University, 331 N.E. 2d 416, 422 (Ohio 1975) (upholding a university board's contractually reserved right to change the retirement age for tenured faculty members where such change was reasonable and uniformly applicable); State ex rel. Merrill v. Greenbaum, 84 N.E.2d 253, 255 (Ohio Ct. App. 1948) (interpreting pension fund rule stating that a board "may" grant benefits to eligible employees as conferring discretion

10

to deny benefits to any employee so long as that denial was not "captious, arbitrary, or unreasonable"). Additionally, in breach of contract suits for wrongful discharge, Ohio courts have expressed a reluctance to second-guess an employer's interpretation of what constitutes "cause" for termination. See, e.g., Washington v. Cent. State Univ., 699 N.E.2d 1016, 1019 (Ohio Ct. Cl. 1998) ("The court has previously acknowledged that it may not substitute its judgment for that of the employer and may not second-guess the business judgments of employers making personnel decisions.") (internal citations omitted"); Lynch v. EG&G Mound, Inc., 1999 WL 34790, at *8 (Ohio Ct. App. Jan. 29, 1999) (stating same general rule).

In light of these precedents and the Plan language stating that Gillette's Compensation Committee "shall have authority . . . to decide all questions and settle all controversies and disputes which may arise in connection with the Plan," Cicvara Dep. Ex. 15 at 1–2, the court predicts that the Ohio Supreme Court would hold that Gillette's decision that Cicvara had engaged in "gross misconduct which is materially and demonstrably injurious to the company or the subsidiary" may be reviewed only to determine if it was arbitrary, capricious, or made in bad faith.

C.     Reasonableness of Gillette's Determination

On the basis of the evidence presented, no rational trier of fact could find that Gillette failed to exercise its discretion reasonably and in good faith. Cicvara disputes none of the following: Gillette received information suggesting that he had made unwanted sexual advances toward Bel Liu, an employee of Practical, a Gillette supplier. When contacted by Gillette representatives, Liu confirmed the allegations and provided copies of emails and text messages that corroborated her version of events.

Additionally, Cicvara does not dispute that Gillette's relationship with Practical was already strained prior to this incident, or that, upon learning of the incident, Practical's Chairman informed Gillette that Cicvara was no longer welcome at his company's facilities.  Finally, while Cicvara challenges the accuracy of Wilczewski's notes from the meeting at which he was terminated, Pl.'s 56(a)(2) at 21, he does no dispute that, at this meeting, he admitted that he went to Liu's hotel room, touched her, and said, "When you do such thing[s] with your legs, one could rape you." Id. at 24.

In the face of the aforementioned undisputed facts, no rational juror could find that Gillette lacked a reasonable, good faith basis to determine, first, that Cicvara had engaged in gross misconduct, and, second, that this misconduct was materially and demonstrably injurious to Gillette.[2]  As a result, Cicvara cannot show that Gillette breached a contractual duty when it terminated his stock options pursuant to Section 6(f)(B) of the plan, and Gillette is entitled to summary judgment on this claim.

## V.   CONCLUSION

For the foregoing reasons, the defendants' Motion for Summary Judgment (Doc. No. 74) is **granted**, and the plaintiff's Cross Motion for Summary Judgment (Doc. No. 85) is **denied**.

---

[2] Cicvara questions Lin's motives for reporting the incident in Bangkok, alleging that Lin and Liu had an "intimate relationship." Pl.'s 56(a)(2) St. at 17.  He further suggests that Yau and Liu conspired to entrap him, id. at 20, and that Yau intended "to use [the] alleged sexual harassment of Bel Liu as leverage, to improve his business with Duracell." Id. at 17.  Lin's, Liu's, and Yau's motivations or biases, however, are irrelevant to the question of whether Gillette's evaluation of the information they provided regarding Civara's conduct—the essence of which was admitted to by Cicvara—was arbitrary, capricious, or made in bad faith.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 22nd day of November, 2011.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PREDRAG CICVARA,

v.                                              3:09cv2054(JCH)

GILLETTE CO.,
DURACELL,
LYNNE BURNETT,
PROCTOR & GAMBLE CO., INC.

## J U D G M E N T

This matter came on before the Honorable Janet C. Hall, United States District

Judge, as a result of defendants' Motion for Summary Judgment, plaintiff''s Cross

Motion for Summary Judgment, and Motion to Dismiss filed by defendant Lynne

Burnett.

The Court has reviewed all of the papers filed in conjunction with the motions.

On November 22, 2011, the court entered a Ruling granting defendants' Motion and

denying plaintiffs' Motion.   In addition, on July 22, 2010, the court entered an order, on

the record, granting Motion to Dismiss as to defendant Lynne Burnett.

Therefore, it is ORDERED and ADJUDGED that judgment is entered for the

defendants, against the plaintiff, and the case is closed.

Dated at Bridgeport, Connecticut, this 29th day of November, 2011.

Robin D. Tabora, Clerk

By /s/ Bernadette J. DeRubeis
Deputy Clerk

Entered on Docket _____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

**FILED**

2012 JAN 19 A 9 26

U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | | |
|---|---|---|
| CICVARA, PREDRAG | : | 3:9-CV-2054(JCH) (HF) |
| Plaintiff, | : | |
| V. | : | NOTICE OF APPEAL |
| THE GILLETTE COMPANY et al | : | |
| Defendant. | : | JANUARY 19, 2012 |

Notice is hereby given that PREDRAG CICVARA Plaintiff in the above-named case hereby

appeal to the United States Court of Appeals for the Second Circuit from the final judgment

entered in this action on the 13th day of December 2011.

Igor I. Sikorsky, Jr.
P.O. Box 38
Unionville, CT 06085
(860) 675-5313
CT Fed Bar No.:04233

SPA-16

APPEAL, CLOSED, EFILE

## U.S. District Court
## United States District Court for the District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:09-cv-02054-JCH

Cicvara v. Gillette Co et al
Assigned to: Judge Janet C. Hall
Cause: 28:1332 Diversity–Notice of Removal

Date Filed: 12/17/2009
Date Terminated: 11/30/2011
Jury Demand: Both
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Diversity

**Plaintiff**

**Predrag Cicvara**

represented by **Igor I. Sikorsky , Jr.**
PO Box 38
Unionville, CT 06085
860–675–5313
Fax: 860–675–7104
Email: igorbox38@hotmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael E. Skiber**
Law Office of Michael E. Skiber, LLC
135 Elm Street
Bridgeport, CT 06604
203–615–0090
Email: skiberlaw@gmail.com
*TERMINATED: 11/05/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Gillette Co**

represented by **Edward Cerasia , II**
Seyfarth Shaw , LLP– NY
620 Eighth Avenue
New York, NY 10018
212–218–5611
Fax: 917–344–1272
Email: ecerasia@seyfarth.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hema Chatlani**
Seyfarth Shaw – 8th Ave NY
620 Eighth Ave
New York, NY 10018–1405
212–218–5514
Fax: 917–344–1232
Email: hchatlani@seyfarth.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard I. Scharlat**
Greenberg, Traurig
Met Life Bldg.
200 Park Ave.
New York, NY 10166
Email: rscharlat@seyfarth.com
*LEAD ATTORNEY*

**SPA-17**

ATTORNEY TO BE NOTICED

**Defendant**

**Proctor &Gamble Co**
*TERMINATED: 01/06/2010*

represented by **Edward Cerasia , II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard I. Scharlat**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Duracell**

**Defendant**

**LYNNE BURNETT**
*TERMINATED: 07/22/2010*

represented by **Edward Cerasia , II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hema Chatlani**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard I. Scharlat**
Greenberg, Traurig
200 Park Ave.
New York, NY 10166
Email: rscharlat@seyfarth.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Proctor &Gamble Co., Inc**

represented by **Edward Cerasia , II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hema Chatlani**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard I. Scharlat**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/17/2009 | 1 | NOTICE OF REMOVAL from JD of Fairfield, case number FBT–CV09–5028901–S., filed by Gillette Co, Proctor &Gamble Co. (Attachments: # 1 Exhibit)(Bauer, J.) (Entered: 12/22/2009) |
| 12/17/2009 | 2 | NOTICE of Appearance by Richard I. Scharlat on behalf of Gillette Co, Proctor &Gamble Co (Bauer, J.) (Entered: 12/22/2009) |

| 12/17/2009 | 3 | NOTICE of Appearance by Edward Cerasia, II on behalf of Gillette Co, Proctor &Gamble Co (Bauer, J.) (Entered: 12/22/2009) |
|---|---|---|
| 12/17/2009 | 4 | Compliance with Standing Order by Gillette Co, Proctor &Gamble Co (Bauer, J.) (Entered: 12/22/2009) |
| 12/17/2009 | 5 | NOTICE of No Pending Motions by Gillette Co, Proctor &Gamble Co (Bauer, J.) (Entered: 12/22/2009) |
| 12/17/2009 | 6 | Corporate Disclosure Statement by Gillette Co, Proctor &Gamble Co. (Bauer, J.) (Entered: 12/22/2009) |
| 12/17/2009 | 7 | ELECTRONIC FILING ORDER − PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER. Signed by Judge Janet C. Hall on 12/17/09. (Bauer, J.) (Entered: 12/22/2009) |
| 12/17/2009 | 8 | PROTECTIVE ORDER. Signed by Judge Janet C. Hall on 12/17/09. (Bauer, J.) (Entered: 12/22/2009) |
| 12/17/2009 | 9 | Order on Pretrial Deadlines: Motions to Dismiss due on 3/17/2010. Amended Pleadings due by 2/15/2010 Discovery due by 6/18/2010 Dispositive Motions due by 7/18/2010. Signed by Clerk on 12/17/09. (Bauer, J.) (Entered: 12/22/2009) |
| 12/17/2009 | | Filing fee: $ 350.00, receipt number B018994 (Jaiman, R.) (Entered: 12/22/2009) |
| 12/22/2009 | 10 | Consent MOTION for Extension of Time until January 22, 2010 (pursuant to Local Rule 7(b)) to file a responsive pleading to Plaintiffs Complaint re: 1 Notice of Removal by Gillette Co, Proctor &Gamble Co. (Attachments: # 1 Certificate of Service)(Cerasia, Edward) (Entered: 12/22/2009) |
| 12/23/2009 | 11 | ORDER granting 10 Motion for Extension of Time. The court expects this will be the only extension. SO ORDERED by Judge Janet C. Hall on 12/23/09. (Volek, J.) (Entered: 12/23/2009) |
| 12/29/2009 | | Answer deadline updated for Gillette Co to 1/22/2010; Proctor &Gamble Co to 1/22/2010. (DeRubeis, B.) (Entered: 12/29/2009) |
| 01/06/2010 | 12 | NOTICE of Appearance by Michael E. Skiber on behalf of Predrag Cicvara (Skiber, Michael) (Entered: 01/06/2010) |
| 01/06/2010 | 13 | First MOTION to Amend/Correct *COMPLAINT ONCE AS A MATTER OR COURSE* by Predrag Cicvara.Responses due by 1/27/2010 (Skiber, Michael) (Entered: 01/06/2010) |
| 01/06/2010 | 14 | AMENDED COMPLAINT *ONCE AS A MATTER OF COURSE* against all defendants, filed by Predrag Cicvara.(Skiber, Michael) (Entered: 01/06/2010) |
| 01/06/2010 | 15 | First MOTION to Remand to State Court *AND JOINDER OF PARTY* by Predrag Cicvara.Responses due by 1/27/2010 (Skiber, Michael) (Entered: 01/06/2010) |
| 01/06/2010 | 16 | First Memorandum in Support re 15 First MOTION to Remand to State Court *AND JOINDER OF PARTY* filed by Predrag Cicvara. (Skiber, Michael) Modified on 1/22/2010 TO CREATE DOCKET ENTRY RELATIONSHIP TO DOC #17 (Simpson, T.). (Entered: 01/06/2010) |
| 01/06/2010 | 17 | MOTION for Joinder by Predrag Cicvara −ORIGINALLY E−FILED IN ERROR AS PART OF DOCUMENT # 15; REDOCKETED TO PROPERLY IDENTIFY AS A TWO PART MOTION (Simpson, T.) (Entered: 01/22/2010) |
| 01/11/2010 | | Summons Issued as to LYNNE BURNETT. (Simpson, T.) (Entered: 01/11/2010) |
| 01/22/2010 | 18 | ANSWER to 14 Amended Complaint with Affirmative Defenses. *dated 1/22/2010* by Gillette Co, LYNNE BURNETT, Proctor &Gamble Co.(Scharlat, Richard) (Entered: 01/22/2010) |
| 01/22/2010 | 19 | CERTIFICATE OF SERVICE by Gillette Co, Proctor &Gamble Co., Inc re 18 Answer to Amended Complaint (Scharlat, Richard) (Entered: 01/22/2010) |
| 01/22/2010 | 20 | MOTION to Dismiss *dated 1/22/2010 Count Eight and Lynne Burnett from the amended complaint* by Gillette Co, LYNNE BURNETT, Proctor &Gamble Co., |

| | | Inc.Responses due by 2/12/2010 (Attachments: #1 Affidavit of Lynne Burnett dated 1/16/2010 in support of motion, #2 Certificate of Service dated 1/22/2010)(Scharlat, Richard) (Entered: 01/22/2010) |
|---|---|---|
| 01/22/2010 | 21 | Memorandum in Support re 20 MOTION to Dismiss *dated 1/22/2010 Count Eight and Lynne Burnett from the amended complaint dated 1/22/2010 and in opposition to plaintiff's motion to remand to state court and for joinder* filed by Gillette Co, LYNNE BURNETT, Proctor &Gamble Co., Inc, Proctor &Gamble Co. (Scharlat, Richard) (Entered: 01/22/2010) |
| 02/12/2010 | 22 | OBJECTION re 20 MOTION to Dismiss *dated 1/22/2010 Count Eight and Lynne Burnett from the amended complaint* filed by Predrag Cicvara. (Attachments: #1 Memorandum in Support OBJECTION TO MOTION TO DISMISS)(Skiber, Michael) (Entered: 02/12/2010) |
| 02/12/2010 | 23 | RESPONSE re 18 Answer to Amended Complaint *REPLY TO SPECIAL DEFENSES* by Predrag Cicvara. (Attachments: #1 Affidavit CERTIFICATION OF SERVICE)(Skiber, Michael) (Entered: 02/12/2010) |
| 02/12/2010 | 24 | CERTIFICATE OF SERVICE by Predrag Cicvara *OBJECTION TO MOTION TO DISMISS* (Skiber, Michael) (Entered: 02/12/2010) |
| 02/12/2010 | 25 | Memorandum in Opposition re 20 MOTION to Dismiss *dated 1/22/2010 Count Eight and Lynne Burnett from the amended complaint* filed by Predrag Cicvara. (Skiber, Michael) (Entered: 02/12/2010) |
| 02/25/2010 | 26 | REPLY to Response to 20 MOTION to Dismiss *dated 1/22/2010 Count Eight and Lynne Burnett from the amended complaint* filed by LYNNE BURNETT. (Attachments: #1 Certificate of Service)(Cerasia, Edward) (Entered: 02/25/2010) |
| 03/08/2010 | 27 | NOTICE TO COUNSEL/PRO SE PARTIES, ( Rule 26 Meeting Report due by 3/29/2010). Signed by Clerk on 3/8/10. (Gutierrez, Y.) (Entered: 03/10/2010) |
| 03/19/2010 | 28 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. Telephone Conference set for 3/24/2010 02:00 PM in Chambers Room 417, 915 Lafayette Blvd., Bridgeport, CT before Judge Janet C. Hall. Counsel are requested to participate in this conference via telephone. This conference call is to be arranged between counsel. Once all parties are on the line, please telephone chambers at (203) 579-5554 (Volek, J.) (Entered: 03/19/2010) |
| 03/22/2010 | 29 | First MOTION to Withdraw 15 First MOTION to Remand to State Court *AND 17 Motion for Joinder of Party Lynne Burnett* by Predrag Cicvara. (Attachments: #1 Affidavit Certificate of Service)(Skiber, Michael) Modified on 3/23/2010 TO CREATE DOCKET ENTRY RELATIONSHIP TO DOC #17 (Simpson, T.). (Entered: 03/22/2010) |
| 03/24/2010 | 30 | Joint REPORT of Rule 26(f) Planning Meeting. (Attachments: #1 Joint Statement Pursuant to Clerks Order Dated March 8, 2010)(Cerasia, Edward) (Entered: 03/24/2010) |
| 03/24/2010 | 31 | Minute Entry. Telephone Conference held before Judge Janet C. Hall on 3/24/2010: granting as of right 13 Motion to Amend/Correct; granting 29 Motion to Withdraw; withdrawing 15 Motion to Remand to State Court; withdrawing 17 Motion for Joinder, for the reasons stated on the record. 15 minutes (Court Reporter T. Fidanza.) (Volek, J.) (Entered: 03/24/2010) |
| 03/31/2010 | 32 | SCHEDULING ORDER re: 30 Joint REPORT of Rule 26(f) Planning Meeting. Discovery due by 8/1/2010 Dispositive Motions due by 9/1/2010 Status Report due by 6/30/2010 Trial Brief due by 9/1/2010. Signed by Judge Janet C. Hall on 3/31/2010. (Simpson, T.) (Entered: 03/31/2010) |
| 05/20/2010 | 33 | MOTION for Leave to Appear Pro Hac Vice Attorney Hema Chatlani. Filing Fee $25.00. Receipt Number B019726. by LYNNE BURNETT, Gillette Co, Proctor &Gamble Co., Inc. (Simpson, T.) Modified on 5/21/2010 (Villano, P.). (Entered: 05/20/2010) |

| 05/20/2010 | 34 | ORDER granting 33 Motion for Attorney Hema Chatlani to Appear Pro Hac Vice. Signed by Clerk on 5/20/2010. (Simpson, T.) Modified on 5/21/2010 (Villano, P.). Modified on 5/21/2010 (Villano, P.). (Entered: 05/20/2010) |
|---|---|---|
| 05/21/2010 | 35 | Docket Entry Correction re 33 MOTION for Leave to Appear Pro Hac Vice Attorney Hema Chatlani. Filing Fee $25.00. Receipt Number B019726., 34 Order on Motion to Appear. Corrected attorney's name that is appearing pro hac vice (Villano, P.) (Entered: 05/21/2010) |
| 06/01/2010 | 36 | PROPOSED ORDER *GOVERNING THE TREATMENT OF CONFIDENTIAL MATERIAL, filed* by LYNNE BURNETT, Gillette Co, Proctor &Gamble Co., Inc. (Attachments: # 1 Text of Proposed Order)(Cerasia, Edward) (Entered: 06/01/2010) |
| 06/09/2010 | 37 | NOTICE of Appearance by Hema Chatlani on behalf of LYNNE BURNETT, Gillette Co, Proctor &Gamble Co., Inc (Chatlani, Hema) (Entered: 06/09/2010) |
| 06/14/2010 | 38 | MOTION for Extension of Time until July 15, 2010 Rule 26(a)(2)(B) Disclosures 32 Scheduling Order, by Predrag Cicvara. (Skiber, Michael) (Entered: 06/14/2010) |
| 06/16/2010 | 39 | MOTION to Compel *Production of Documents* by Predrag Cicvara.Responses due by 7/7/2010 (Attachments: # 1 Affidavit Certification of Service, # 2 Exhibit Notice of Manual Filing)(Skiber, Michael) (Entered: 06/16/2010) |
| 06/17/2010 | 40 | NOTICE OF E−FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. Hearing as to 39 MOTION to Compel Production of Documents set for 6/29/2010 10:30 AM in Courtroom Two, 915 Lafayette Blvd., Bridgeport, CT before Judge Janet C. Hall. (Volek, J.) (Entered: 06/17/2010) |
| 06/22/2010 | 41 | Consent MOTION to Continue *, filed* by LYNNE BURNETT, Gillette Co, Proctor &Gamble Co., Inc. (Cerasia, Edward) (Entered: 06/22/2010) |
| 06/23/2010 | 42 | ORDER granting 41 Motion to Continue. A rescheduled calendar will issue. SO ORDERED by Judge Janet C. Hall on 6/23/10. (Volek, J.) (Entered: 06/23/2010) |
| 06/25/2010 | 43 | NOTICE OF rescheduled E−FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. Hearing as to 39 MOTION to Compel Production of Documents previously set for 6/29/2010 10:30 AM has been RESCHEDULED for 7/20/2010 03:30 PM in Courtroom Two, 915 Lafayette Blvd., Bridgeport, CT before Judge Janet C. Hall. (Volek, J.) (Entered: 06/25/2010) |
| 06/30/2010 | 44 | Joint STATUS REPORT *of COUNSEL, submitted in accordance with Judge Janet C. Hall's 3/31/10 SCHEDULING ORDER REGARDING CASE MANAGEMENT PLAN [Docket Entry No. 32], filed* by LYNNE BURNETT, Predrag Cicvara, Gillette Co, Proctor &Gamble Co., Inc. (Cerasia, Edward) (Entered: 06/30/2010) |
| 07/07/2010 | 45 | Memorandum in Opposition re 39 MOTION to Compel *Production of Documents* filed by LYNNE BURNETT, Gillette Co, Proctor &Gamble Co., Inc. (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Cerasia, Edward) (Entered: 07/07/2010) |
| 07/13/2010 | 46 | Sealed Document: Exhibits A−E to the Motion to Compel Discovery and Supporting Memorandum by Predrag Cicvara re 39 MOTION to Compel *Production of Documents.* (Simpson, T.) (Entered: 07/13/2010) |
| 07/22/2010 | 47 | Minute Entry. Proceedings held before Judge Janet C. Hall: Hearing held on 7/20/10, granting 38 Motion for Extension of Time nunc pro tunc; denying without prejudice to renew 39 Motion to Compel, and taking under advisement remaining request; granting 20 Motion to Dismiss, all as stated on the record. The plaintiff is granted leave to file a Second Amended Complaint. Total Time: 1 hours and 20 minutes. (Court Reporter T. Fidanza.) (Volek, J.) Modified on 7/29/2010 to correct motion relief(DeRubeis, B.). (Main Document 47 replaced on 7/29/2010) (DeRubeis, B.). (Entered: 07/22/2010) |

| | | |
|---|---|---|
| 07/27/2010 | 48 | Joint MOTION for Extension of Time re: Docket Entry # 32 Scheduling Order, by LYNNE BURNETT, Predrag Cicvara, Gillette Co, Proctor &Gamble Co., Inc, Duracell. (Cerasia, Edward) Modified on 7/28/2010 (Simpson, T.). (Entered: 07/27/2010) |
| 07/28/2010 | | Docket Entry Correction re 48 Joint MOTION for Extension of Time MODIFIED TO ADD DEFENDANT DURACELL AS A FILER TO THE DOCKET ENTRY (Simpson, T.) (Entered: 07/28/2010) |
| 07/29/2010 | 49 | Docket Entry Correction: Minute Entry corrected to reflect motion relief. Proceedings held before Judge Janet C. Hall: Hearing held on 7/20/10, granting 38 Motion for Extension of Time nunc pro tunc; denying without prejudice to renew 39 Motion to Compel, and taking under advisement remaining request; granting 20 Motion to Dismiss, all as stated on the record. The plaintiff is granted leave to file a Second Amended Complaint. Total Time: 1 hours and 20 minutes. (Court Reporter T. Fidanza.) (Volek, J.) Modified on 7/29/2010 to correct motion relief (DeRubeis, B.). (Main Document 47 replaced on 7/29/2010) (DeRubeis, B.) (Entered: 07/29/2010) |
| 07/29/2010 | 50 | ORDER granting 48 Joint MOTION for Extension of Time re: Docket Entry # 32 Scheduling Order, by LYNNE BURNETT, Predrag Cicvara, Gillette Co, Proctor &Gamble Co., Inc, Duracell. The court notes that it does not recall suggesting plaintiff "file additional document requests." He is not barred from doing so, but he and the defendant should be mindful that the court does not expect to extend these deadlines. SO ORDERED by Judge Janet C. Hall on 7/29/2010. (DeRubeis, B.) (Entered: 07/29/2010) |
| 07/29/2010 | | Set Deadlines/Hearings: Discovery due by 12/15/2010 Dispositive Motions due by 1/17/2011 Trial Brief due by 1/17/2011 (DeRubeis, B.) (Entered: 07/29/2010) |
| 08/19/2010 | 51 | NOTICE by LYNNE BURNETT, Gillette Co, Proctor &Gamble Co., Inc (Attachments: # 1 Exhibit A to Defendants' Letter Notice, # 2 Exhibit B to Defendants' Letter Notice, # 3 Exhibit C to Defendants' Letter Notice, # 4 Exhibit D to Defendants' Letter Notice)(Cerasia, Edward) (Entered: 08/19/2010) |
| 09/02/2010 | 52 | NOTICE: If any discovery issues from the motions addressed on the record on 07/20/10 (Doc. nos. 47 &49) remain pending after the filing of Defendants' Notice (Doc. no. 51), Plaintiff is directed to file a pleading raising those issues. Otherwise the court will assume those issues have been resolved. SO ORDERED by Judge Janet C. Hall on 09/02/10. (Hobbs, J.) (Entered: 09/02/2010) |
| 09/28/2010 | 53 | MOTION for Michael E. Skiber to Withdraw as Attorney by Predrag Cicvara. (Attachments: # 1 Affidavit Certification of Service)(Skiber, Michael) (Entered: 09/28/2010) |
| 09/28/2010 | 54 | Second STATUS REPORT of COUNSEL, submitted (jointly) in accordance with Judge Janet C. Hall's 3/31/10 SCHEDULING ORDER REGARDING CASE MANAGEMENT PLAN [Docket Entry No. 32], filed by LYNNE BURNETT, Gillette Co, Proctor &Gamble Co., Inc, Predrag Cicvara . (Cerasia, Edward) Modified on 9/29/2010 (Simpson, T.). (Entered: 09/28/2010) |
| 09/29/2010 | | Docket Entry Correction re 54 Status Report MODIFIED TO ADD PLAINTIFF AS A FILER TO THE DOCKET ENTRY (Simpson, T.) (Entered: 09/29/2010) |
| 09/30/2010 | 56 | NOTICE to PLAINTIFF re 53 MOTION for Michael E. Skiber to Withdraw as Attorney. Reset Deadlines as to 53 MOTION for Michael E. Skiber to Withdraw as Attorney.(Responses due by 10/21/2010, ). Signed by Judge Janet C. Hall on 9/30/2010. (Simpson, T.) (Entered: 10/05/2010) |
| 10/04/2010 | 55 | NOTICE OF E–FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. Hearing on 53 Motion to Withdraw set for 10/27/2010 10:30 AM in Courtroom Two, 915 Lafayette Blvd., Bridgeport, CT before Judge Janet C. Hall (Hobbs, J.) (Entered: 10/04/2010) |
| 10/26/2010 | 57 | NOTICE of Appearance by Igor I. Sikorsky, Jr on behalf of Predrag Cicvara Lead Counsel (Sikorsky, Igor) (Entered: 10/26/2010) |

| 10/27/2010 | 58 | NOTICE re 55 Calendar Entry. The hearing on Attorney Skiber's Motion to Withdraw is canceled in light of the Notice of Appearance filed by Attorney Sikorsky. So ordered by Judge Janet C. Hall on 10/27/10. (Hobbs, J.) (Entered: 10/27/2010) |
| --- | --- | --- |
| 11/05/2010 | 59 | ORDER granting 53 Motion to Withdraw as Attorney. Attorney Michael E. Skiber terminated. SO ORDERED by Judge Janet C. Hall on 11/5/2010. (DeRubeis, B.) (Entered: 11/05/2010) |
| 12/10/2010 | 60 | MOTION for Extension of Time , *filed* by LYNNE BURNETT, Gillette Co, Proctor &Gamble Co., Inc. (Cerasia, Edward) (Entered: 12/10/2010) |
| 12/10/2010 | 61 | First MOTION for Extension of Time until March 10, 2010 *For Present Counsel of Plaintiff* Plaintiff to Conclude Discovery by Predrag Cicvara. (Sikorsky, Igor) (Entered: 12/10/2010) |
| 12/13/2010 | 62 | ORDER granting 60 Motion for Extension of Time; granting in part 61 First MOTION for Extension of Time for Present Counsel of Plaintiff to Conclude Discovery by Predrag Cicvara. Discovery is to be completed by February 15, 2011 and dispositive motions by March 15, 2011. SO ORDERED by Judge Janet C. Hall on 12/13/2010. (DeRubeis, B.) (Entered: 12/13/2010) |
| 12/13/2010 | | Set Deadlines/Hearings: Discovery due by 2/15/2011 Dispositive Motions due by 3/15/2011 (DeRubeis, B.) (Entered: 12/13/2010) |
| 12/27/2010 | 63 | Third STATUS REPORT *filed* by LYNNE BURNETT, Predrag Cicvara, Gillette Co, Proctor &Gamble Co, Proctor &Gamble Co., Inc. (Chatlani, Hema) (Entered: 12/27/2010) |
| 02/14/2011 | 64 | Second MOTION for Extension of Time until 03/20/2011 *of Discovery Time* Discovery by Predrag Cicvara. (Sikorsky, Igor) (Entered: 02/14/2011) |
| 02/15/2011 | 65 | ORDER granting in part to 3/1/2011 64 Second MOTION for Extension of Time for Discovery Time by Predrag Cicvara. SO ORDERED by Judge Janet C. Hall on 2/15/2011. (DeRubeis, B.) (Entered: 02/15/2011) |
| 02/15/2011 | | Set Deadlines/Hearings: Discovery due by 3/1/2011 (DeRubeis, B.) (Entered: 02/15/2011) |
| 02/23/2011 | 66 | LETTER MOTION for Extension of Time by Gillette Co, Proctor &Gamble Co., Inc. (DeRubeis, B.) (Entered: 02/23/2011) |
| 02/23/2011 | 67 | ORDER granting 66 Letter Motion for Extension of Time. The court, treating this as a Motion to Extend the dispositive motion deadline, grants the motion to 4/1/2011. SO ORDERED by Judge Janet C. Hall on 2/23/2011. (DeRubeis, B.) (Entered: 02/23/2011) |
| 02/23/2011 | | Set Deadlines/Hearings: Dispositive Motions due by 4/1/2011 (DeRubeis, B.) (Entered: 02/23/2011) |
| 02/25/2011 | 68 | First MOTION to Compel *Prodution of Documents* by Predrag Cicvara.Responses due by 3/18/2011 (Sikorsky, Igor) (Entered: 02/25/2011) |
| 03/10/2011 | 69 | Memorandum in Opposition re 68 First MOTION to Compel *Production of Documents* filed by LYNNE BURNETT, Duracell, Gillette Co, Proctor &Gamble Co, Proctor &Gamble Co., Inc. (Cerasia, Edward) (Entered: 03/10/2011) |
| 03/17/2011 | 70 | MOTION for Extension of Time until April 15, 2011 To File A Dispositive Motion by LYNNE BURNETT, Duracell, Gillette Co, Proctor &Gamble Co, Proctor &Gamble Co., Inc. (Cerasia, Edward) (Entered: 03/17/2011) |
| 03/21/2011 | 71 | ORDER granting 70 MOTION for Extension of Time until April 15, 2011 To File A Dispositive Motion by LYNNE BURNETT, Duracell, Gillette Co, Proctor &Gamble Co, Proctor &Gamble Co., Inc. SO ORDERED by Judge Janet C. Hall on 3/21/2011. (DeRubeis, B.) (Entered: 03/21/2011) |
| 03/21/2011 | | Set Deadlines/Hearings: Dispositive Motions due by 4/15/2011 (DeRubeis, B.) (Entered: 03/21/2011) |

| 03/28/2011 | 72 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. Telephone Conference re 68 Motion to Compel set for 4/6/2011 12:00 PM in Chambers Room 417, 915 Lafayette Blvd., Bridgeport, CT before Judge Janet C. Hall. Counsel are requested to participate in this conference via telephone. This conference call is to be arranged between counsel. Once all parties are on the line, please telephone chambers at (203) 579–5554. (Hobbs, J.) (Entered: 03/28/2011) |
|---|---|---|
| 04/06/2011 | 73 | Minute Entry. Proceedings held before Judge Janet C. Hall: Motion Hearing re 68 First MOTION to Compel held on 4/6/2011. Ruling on the record denying 68 Motion to Compel. Defendant will provide additional disclosure as directed on the record. Total Time: 15 minutes(Court Reporter T. Fidanza) (Hobbs, J.) (Entered: 04/06/2011) |
| 04/15/2011 | 74 | MOTION for Summary Judgment by LYNNE BURNETT, Duracell, Gillette Co, Proctor &Gamble Co., Inc.Responses due by 5/6/2011 (Attachments: # 1 Memorandum in Support, # 2 Statement of Material Facts, # 3 Proof of Service)(Cerasia, Edward) (Entered: 04/15/2011) |
| 04/15/2011 | 75 | AFFIDAVIT re 74 MOTION for Summary Judgment Signed By Edward Cerasia II filed by LYNNE BURNETT, Duracell, Gillette Co, Proctor &Gamble Co., Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, Part 1 of 2, # 3 Exhibit B, Part 2 of 2, # 4 Exhibit C–D)(Cerasia, Edward) (Entered: 04/15/2011) |
| 04/15/2011 | 76 | AFFIDAVIT re 74 MOTION for Summary Judgment Signed By Dina Schmude filed by LYNNE BURNETT, Duracell, Gillette Co, Proctor &Gamble Co., Inc. (Attachments: # 1 Exhibit A–C)(Cerasia, Edward) (Entered: 04/15/2011) |
| 04/15/2011 | 77 | AFFIDAVIT re 74 MOTION for Summary Judgment Signed By Peggy Wilczewski filed by LYNNE BURNETT, Duracell, Gillette Co, Proctor &Gamble Co., Inc. (Attachments: # 1 Exhibit A–J)(Cerasia, Edward) (Entered: 04/15/2011) |
| 04/15/2011 | 78 | AFFIDAVIT re 74 MOTION for Summary Judgment Signed By Lynne Burnett filed by LYNNE BURNETT, Duracell, Gillette Co, Proctor &Gamble Co., Inc. (Attachments: # 1 Exhibit A–B)(Cerasia, Edward) (Entered: 04/15/2011) |
| 04/15/2011 | 79 | AFFIDAVIT re 74 MOTION for Summary Judgment Signed By Kevin Babis filed by LYNNE BURNETT, Duracell, Gillette Co, Proctor &Gamble Co., Inc. (Attachments: # 1 Exhibit A–B)(Cerasia, Edward) (Entered: 04/15/2011) |
| 05/03/2011 | 80 | First MOTION for Extension of Time to File Response/Reply as to 74 MOTION for Summary Judgment until 05/27/2011 by Predrag Cicvara. (Sikorsky, Igor) (Entered: 05/03/2011) |
| 05/04/2011 | 81 | ORDER granting 80 Motion for Extension of Time to File Response/Reply re 74 MOTION for Summary Judgment. Responses due by 5/27/2011. SO ORDERED by Judge Janet C. Hall on 5/4/2011. (DeRubeis, B.) (Entered: 05/04/2011) |
| 05/26/2011 | 82 | First MOTION for Leave to File Excess Pages by Predrag Cicvara. (Sikorsky, Igor) (Entered: 05/26/2011) |
| 05/26/2011 | 83 | First Statement of Material Facts re 74 MOTION for Summary Judgment *Material Facts In Dispute* filed by Predrag Cicvara. (Attachments: # 1 Exhibit Email June 29, 2009, # 2 Exhibit PGConduct Manual, # 3 Exhibit 1971 SOP plan 10 2004, # 4 Exhibit Letter to HK jULY 20, 2009, # 5 Exhibit Complete Depo Dec. 21, 2010, # 6 Exhibit Complete Deposition Dec. 21, 2010, # 7 Exhibit Motion for Production Jan. 3, 2011, # 8 Exhibit Defendant's Responses and Objections Feb. 7, 2011, # 9 Exhibit Blackberry Bill June 2009, # 10 Exhibit Explanation Table, # 11 Exhibit Sixth Text Message Bel Liu, # 12 Exhibit Def. Mem. of Law Opp. Plantiff July 7, 2010, # 13 Exhibit Email June 25, 2009, # 14 Exhibit Stock Options Letter June 16, 2009)(Sikorsky, Igor) (Entered: 05/26/2011) |
| 05/26/2011 | 84 | First Memorandum in Opposition *To Gillette's* re 74 MOTION for Summary Judgment filed by Predrag Cicvara. (Sikorsky, Igor) (Entered: 05/26/2011) |
| 05/26/2011 | 85 | First MOTION for Summary Judgment *Notice of Cross Motion For Summary Judgment* by Predrag Cicvara.Responses due by 6/16/2011 (Sikorsky, Igor) (Entered: 05/26/2011) |

| 05/26/2011 | 86 | First Memorandum in Support re 85 First MOTION for Summary Judgment *Notice of Cross Motion For Summary Judgment Memorandum In Support of Cicvara's Cross Motion For Summary Judgment* filed by Predrag Cicvara. (Sikorsky, Igor) (Entered: 05/26/2011) |
|---|---|---|
| 05/26/2011 | 87 | First Statement of Material Facts re 85 First MOTION for Summary Judgment *Notice of Cross Motion For Summary Judgment*, 74 MOTION for Summary Judgment *Plaintiff's Statement Of Undisputed Material Facts Pursuant To Local Rule 56.1(A)(1)* filed by Predrag Cicvara. (Sikorsky, Igor) (Entered: 05/26/2011) |
| 05/27/2011 | 88 | ENTERED IN ERROR – First EXHIBIT *Affidavit Of Predrag Cicvara May 25, 2011* by Predrag Cicvara re 84 Memorandum in Opposition to Motion, 85 First MOTION for Summary Judgment *Notice of Cross Motion For Summary Judgment*, 74 MOTION for Summary Judgment. (Attachments: # 1 Exhibit Stock Options Letter June 16, 2009, # 2 Exhibit Notice Salary Increase June 1, 2009, # 3 Exhibit Email Andrew Yau June 25, 2009, # 4 Exhibit Facts In Chronological Order 12–21–2007, # 5 Exhibit First Part More... 2–11–2008, # 6 Exhibit Email Rob DaPra Jan. 4, 2008, # 7 Exhibit Blackberry Bill June 2009, # 8 Exhibit Exact Explanation Table, # 9 Exhibit Sixth Text Message Bel Liu, # 10 Exhibit Email Austin Lin June 9, 2009, # 11 Exhibit Letter To Duracell Lawyer July 9, 2009, # 12 Exhibit PGBusiness Conduct Manual, # 13 Exhibit 1971 SOP Plan 10 2004 Gillette Stock Plan, # 14 Exhibit Letter To HK July 20, 2009, # 15 Exhibit Complete Deposition Cicvara Dec. 21, 2010, # 16 Exhibit Email Cicvara Wilczewski June 29 2009, # 17 Exhibit Hand Written Notes Wilcz After June 30 2009)(Sikorsky, Igor) Modified on 5/31/2011 (Simpson, T.). (Entered: 05/27/2011) |
| 05/31/2011 | 89 | First AFFIDAVIT re 84 Memorandum in Opposition to Motion, 85 First MOTION for Summary Judgment *Notice of Cross Motion For Summary Judgment*, 74 MOTION for Summary Judgment *dated May 25, 2011 Signed By Predrag Cicvara* filed by Predrag Cicvara. (Attachments: # 1 Exhibit Stocks Options Letter Peggy Wilcz June 16, 2009, # 2 Exhibit Notice Salary Increase June 1, 2009, # 3 Exhibit Email Andrew Yau To Lawson June 25, 2009, # 4 Exhibit FACTS PUT IN A CHRONOLOGICAL ORDER Orig. Date 12–21–2007, # 5 Exhibit FIRST PART more and the part of second Orig. Date 2 11 2008, # 6 Exhibit Email Rob DaPra Jan. 4, 2008, # 7 Exhibit Blackberry Bill June 2009, # 8 Exhibit EXACT EXPLANATION TABLE, # 9 Exhibit Page 00612 Sixth Text Message Bel Liu, # 10 Exhibit Email Austin Lin Reporting June 9, 2009, # 11 Exhibit Letter To Duracell Lawyer Skiber July, 9 2009, # 12 Exhibit PGBusiness Conduct Manual Manual WBCM REDUCED Single Page, # 13 Exhibit 1971 SOP plan 10 2004 Gillette Stock Plan, # 14 Exhibit Letter to HK 10 minutes on Monday Orig. File July, 20 2009, # 15 Exhibit Complete Deposition Cicvara Dec. 21, 2010, # 16 Exhibit Email Cicvara Wilczewski June 29, 2009, # 17 Exhibit Hand Written Notes Wilcz After June 30, 2009)(Sikorsky, Igor) (Entered: 05/31/2011) |
| 06/01/2011 | 90 | First MOTION for Extension of Time to File Response/Reply as to 74 MOTION for Summary Judgment until June 17, 2011 by LYNNE BURNETT, Duracell, Gillette Co, Proctor &Gamble Co, Proctor &Gamble Co., Inc. (Cerasia, Edward) (Entered: 06/01/2011) |
| 06/02/2011 | 91 | ORDER granting 90 Motion for Extension of Time to File Response/Reply re 74 MOTION for Summary Judgment. Reply due by 6/17/2011. SO ORDERED by Judge Janet C. Hall on 6/2/2011. (DeRubeis, B.) (Entered: 06/02/2011) |
| 06/04/2011 | 92 | First CERTIFICATE OF SERVICE by Predrag Cicvara re 89 Affidavit,,,,, *to provide a certificate of service for document 89* (Sikorsky, Igor) (Entered: 06/04/2011) |
| 06/06/2011 | 93 | ORDER denying 82 Motion for Leave to File Excess Pages. There is no limit on exhibit pages. As best as the court can determine, plaintiff's memorandum does not exceed the page limit. SO ORDERED by Judge Janet C. Hall on 6/6/2011. (DeRubeis, B.) (Entered: 06/06/2011) |
| 06/16/2011 | 94 | REPLY to Response to 74 MOTION for Summary Judgment filed by LYNNE BURNETT, Duracell, Gillette Co, Proctor &Gamble Co., Inc. (Attachments: # 1 Proof of Service)(Cerasia, Edward) (Entered: 06/16/2011) |

| 06/16/2011 | 95 | Memorandum in Opposition re 85 First MOTION for Summary Judgment *Notice of Cross Motion For Summary Judgment* filed by LYNNE BURNETT, Duracell, Gillette Co, Proctor &Gamble Co., Inc. (Attachments: # 1 Proof of Service)(Cerasia, Edward) (Entered: 06/16/2011) |
|---|---|---|
| 06/16/2011 | 96 | Statement of Material Facts re 85 First MOTION for Summary Judgment *Notice of Cross Motion For Summary Judgment Defendants' Local Rule 56(a)2 Statement* filed by LYNNE BURNETT, Duracell, Gillette Co, Proctor &Gamble Co., Inc. (Cerasia, Edward) (Entered: 06/16/2011) |
| 11/22/2011 | 97 | RULING granting 74 Motion for Summary Judgment; denying 85 Motion for Summary Judgment. Signed by Judge Janet C. Hall on 11/22/2011. (Oliver, T.) (Entered: 11/22/2011) |
| 11/30/2011 | 98 | JUDGMENT entered in favor of Duracell, Gillette Co, Proctor &Gamble Co., Inc against Predrag Cicvara.<br><br>For Appeal Forms please go to the following website: http://www.ctd.uscourts.gov/forms.html. Signed by Clerk on 11/29/2011. (Oliver, T.) (Entered: 11/30/2011) |
| 11/30/2011 | | JUDICIAL PROCEEDINGS SURVEY: The following link to the confidential survey requires you to log into CM/ECF for SECURITY purposes. Once in CM/ECF you will be prompted for the case number. Although you are receiving this survey through CM/ECF, it is hosted on an independent website called SurveyMonkey. Once in SurveyMonkey, the survey is located in a secure account. The survey is not docketed and it is not sent directly to the judge. To ensure anonymity, completed surveys are held up to 90 days before they are sent to the judge for review. We hope you will take this opportunity to participate, please click on this link:<br><br>https://ecf.ctd.uscourts.gov/cgi-bin/Dispatch.pl?survey<br>(Oliver, T.) (Entered: 11/30/2011) |
| 12/21/2011 | 99 | First MOTION for Extension of Time until 01/25/2012 *For Plaintiff, Predrag Cicvara To Perfect An Appeal* 98 Judgment, 97 Order on Motion for Summary Judgment, by Predrag Cicvara. (Sikorsky, Igor) (Entered: 12/21/2011) |
| 12/22/2011 | 100 | ORDER granting 99 Motion for Extension of Time for good cause shown. SO ORDERED by Judge Janet C. Hall on 12/22/2011. (Lienke, J) (Entered: 12/22/2011) |
| 01/19/2012 | 101 | NOTICE OF APPEAL as to 98 Judgment by Predrag Cicvara. Filing fee $ 455, receipt number CTXB00001587. (Oliver, T.) (Entered: 01/19/2012) |

**SPA-26**

**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall U.S. Courthouse**
**40 Foley Square**
**New York, NY 10007**

DENNIS JACOBS
CHIEF JUDGE

CATHERINE O'HAGAN WOLFE
CLERK OF COURT

Date: January 26, 2012
Docket #: 12-338cv
Short Title: Cicvara v. Gillette Co et al

DC Docket #: 09-cv-2054
DC Court: CT (NEW HAVEN)
DC Judge: Hall

**DOCKETING NOTICE**

A notice of appeal filed by Appellant Cicvara in the above referenced case was docketed today as 12-338. This number must appear on all documents related to this case that are filed in this Court. For pro se parties the docket sheet with the caption page, and an Acknowledgment and Notice of Appearance Form are enclosed. In counseled cases the docket sheet is available on PACER. Counsel must access the Acknowledgment and Notice of Appearance Form from this Court's website http://www.ca2.uscourts.gov.

The form must be completed and returned within 14 days of the date of this notice. The form requires the following information:

YOUR CORRECT CONTACT INFORMATION: Review the party information on the docket sheet and note any incorrect information in writing on the Acknowledgment and Notice of Appearance Form.

The Court will contact one counsel per party or group of collectively represented parties when serving notice or issuing our order. Counsel must designate on the Acknowledgment and Notice of Appearance a lead attorney to accept all notices from this Court who, in turn will, be responsible for notifying any associated counsel.

CAPTION: This Court must use the district court caption See FRAP 12(a), 32(a). Please review the caption carefully and promptly advise this Court of any improper or inaccurate designations in writing on the Acknowledgment and Notice of Appearance form. If a party has been terminated from the case the caption may reflect that change only if the district court judge ordered that the caption be amended.

SPA-27

<u>APPELLATE DESIGNATIONS</u>: Please review whether appellant is listed correctly on the party listing page of the docket sheet and in the caption. If there is an error, please note on the Acknowledgment and Notice of Appearance Form. Timely submission of the Acknowledgment and Notice of Appearance Form will constitute compliance with the requirement to file a Representation Statement required by FRAP 12(b).

For additional information consult the Court's instructions posted on the website.

Inquiries regarding this case may be directed to 212-857-8551.