_____

**Predrag Cicvara,**

**Docket Number: 12-338**

**Plaintiff-Appellant,**

**v.**

**Proctor & Gamble Co., Duracell, Lynne Burnett,**

**Defendants,**

**and**

**Gillette Co., proctor & Gamble Co., Inc.,**

**March 14, 2013**

**Defendants-Appellees.**

_____

## AFFIDAVIT IN SUPPORT OF MOTION FOR ORDER
## TO SEAL FILE INCLUDING SUMMARY ORDER

1. Plaintiff-Appellant herewith moves for an order to seal the file in the above captioned

   12-338 case, including the Summary Order.

2. The material therein contains material substantially harmful to innocent third parties

   as set forth in appellant's Feb. 28, 2013 motion to extend time of Courts jurisdiction.

3. In support of said motion to seal and for convenience of the Court, plaintiff-

   appellant re-states the following from his 02/28/2013 Doc # 91 Motion To Extend

   Time of Jurisdiction:

"When one types "Predrag Cicvara" into the Google Search engine the link that
directs to the Summary Order for the case 12-338-cv appears on the first page of
results. The document is published on the Leagle.com site (the web-masters of

1

other sites cooperated and removed the links promptly, such as Justia.com and Coutrtlistener.com). Webmaster of the Leagle.com site (Donald L Johnson) was contacted on February 8, 2013, and was asked to block the link from the Google Search engine, but he refused to do so, and did not respond to any further communication (e-mail, website messages, voice mails) ever since then.

The wording in the summary order reveals the information that, taken out of the context is extremely damaging not only for the Plaintiff, but more importantly, for his wife, Lillian and his son Viktor. Lillian is in a terrible emotional state, *ever* since the judgment was released, as almost immediately, as of February 7, 2013 the link was available through Internet. Lillian is a teacher in a high school and she feels that at any time this can become the subject of talks and laughs - as the high schoolers are very savvy with Internet search tools. **Two lives (not even mentioning Viktor) can be completely destroyed**, and already deeply affected – much more than it was the case before this summary order was published.

My wife is so ashamed that she will not go back to her work place again and she is contemplating suicidal thoughts. Predrag lost his job and couldn't find another for 18 months, they nearly lost their house, Predrag took extremely big cut in salary and lost all of his Gillette's options. He built up a new career now and his reputation could easily be destroyed again, if this judgment is seen by his management. Additional problem is the uniqueness of the name - there is just one Predrag Cicvara (and one Lillian Cicvara and Viktor Cicvara) in the entire USA- so there is no mistake as to about whom the document is all about.

Please either seal the document or rewrite it in the proposed way and please do it as soon as possible. Each day this document is available is increasing the chances that the tragedy will struck Lillian and Predrag again. We are not asking for the removal of the document from the court documentation - the issue here is either the prevention of accessibility through the common Internet Search engines, or that of rewriting the Summary Order so that it does not show anything that may further harm the Cicvara family ."


4. The plaintiff-appellant has been unable to reach appellee's counsel concerning this

   motion to seal file including summary order.

Respectfully Submitted


       Plaintiff - Appellant

By */s/ Igor I. Sikorsky, Jr.*

     Igor I. Sikorsky, Jr
     P.O. Box 38
     Unionville, CT 06085
     (860) 675-5313


I, Igor I. Sikorsky, affirm the truth of the statements in this affidavit.

/s/ *Igor I. Sikorsky, Jr.*
Igor I. Sikorsky, Jr.


## CERTIFICATION

This is to certify that the copy of the foregoing was sent by 1st Class U.S. mail, postage paid:


Attorney Richard Lapp
131 South Dearborn Street,
Suite 2400
Chicago, IL 60603-5577


                           */s/ Igor I. Sikorsky, Jr.*
                           Igor I. Sikorsky, Jr.