UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**
**(Redacted Version)**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand thirteen,

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                     *Circuit Judges*.

_____

PREDRAG CICVARA,

                 *Plaintiff-Appellant*,

        -v-                                                        12-338-cv

DURACELL, LYNNE BURNETT,

                 *Defendants*,

GILLETTE CO., PROCTOR & GAMBLE CO., INC.,

                 *Defendants-Appellees*.

_____


Appearing for Appellant:     Igor I. Sikorsky, Jr. Unionville, CT

Appearing for Appellees:     Richard B. Lapp, Seyfarth Shaw LLP, Chicago, IL

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Predrag Cicvara ("Cicvara") appeals from a judgment entered on November 30, 2011 dismissing his complaint. By order dated November 22, 2011, the district court granted summary judgment in favor of defendants-appellees, Gillette Co., Proctor & Gamble Co. (collectively "the Company " or "Gillette"), finding as a matter of law that the Company's decision that Cicvara had engaged in "gross misconduct" was not arbitrary or capricious. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Whether we review the district court's decision *de novo* or for abuse of discretion, we reach the same conclusion. **[ Text Redacted ]** The district court was **[ Text Redacted ]** correct to find, "[o]n the basis of the evidence presented, no rational trier of fact could find that Gillette failed to exercise its discretion reasonably and in good faith." *Id.* at *6.

Moreover, Cicvara's brief on appeal fails to comply with the requirements of Fed. R. App. P. 28(a). *See Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) (per curiam). Among its numerous deficiencies, appellant's brief lacks a 1) complete table of authorities, 2) jurisdictional statement, 3) statement of issues, 4) statement of the case, 5) statement of the facts, 6) summary of the argument, and most importantly 7) any argument whatsoever. As appellees state, "appellant has not even clearly framed for this Court the issue on appeal." More fundamentally he fails to state a cogent argument. To make a legal argument is "to advance one's contentions by connecting law to facts," *Sioson v. Knights of Columbus*, 303 F.3d 458, 460 (2d Cir. 2002) (per curiam), yet in the argument section of Cicvara's brief there is not one fact, or supposed fact, connected to any legal argument. *See* Fed. R. App. P. 28(a)(9)(A) ("[T]he argument . . . must contain . . . the appellant's contentions, and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.") (emphasis added).

Indeed, appellant's brief is tantamount to an "invitation [for us] to scour the record, research any legal theory that comes to mind, and serve generally as an advocate for appellant." *Ernst Haas*, 164 F.3d at 112. As we declined to do so in *Ernst Haas* and *Sioson*, similarly, we will not do so here. "Nor will we take the absence of an argument on appeal as an invitation to dig up and scrutinize anew the memorandum in opposition to summary judgment that Appellant submitted to the court below." *Sioson*, 303 F.3d at 460. Although "we may overlook a litigant's failure properly to present an issue on appeal in unusual circumstances, one being where manifest injustice would otherwise result," *Id*. citing Fed. R. App. P. 28, we choose not to do so here.

We find the Appellant's remaining arguments to be without merit.  Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk